UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

U.S,

                                    Plaintiffs,

                    -against-

U.S.; STATES OF U.S.; CONFEDERATE
STATES; J DOES OF U.S.; J. DOES OF THE
VARIOUS STATES OF U.S.; J. DOES OF
PRIVATE ENTITIES; PRIVATE ENTITIES; J.
DOES,

                                    Defendants.

JOMO WILLIAMS,

                                    Crime Victim.

24-CV-4769 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who identifies as a "crime victim," brings this action, *pro se*, under the Crime Victims' Rights Act ("CVRA"), 18 U.S.C. § 3771. He asserts that "defendants have committed many ongoing and patterns of crimes targeting African Americans (which includes the victim and his family) starting from the year of 1619 to the present date." (ECF 1, at 1.) By order dated August 7, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth in this order, the Court dismisses the complaint because the CVRA does not provide a private right of action to bring a civil rights action in federal court.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see*

*Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff brings this action under the CVRA. He names as Defendants the United States, the States of the United States, "Confederate" States, Private Entities, and unidentified

individuals affiliated with the named defendants. He alleges that Defendants have "committed

. . . Kidnappings; Murders; Rapes; Racketeering; Terrorism; [and] Hate Crimes." (ECF 1, at 2.)

Plaintiff indicates that "defendants have publicly admitted to their guilt in this criminal matter

countless times and their same said crimes are publicly known to the whole wide world." (*Id.* at

3.)

Plaintiff attaches to the complaint a Civilian Crime Report he filed with the United States

Attorney's Office for the Southern District of New York where he asserts that Defendants have

committed criminal violations. (*See id.* at 4-6.) He also attaches a document titled, "Rough

Draft," where he argues for reparations and discusses legal concepts, including the statute of

limitations and tolling. (*See id.* at 7-40.)

## DISCUSSION

### A.    Crime Victims' Rights Act

The CVRA "does not authorize a private right of action for damages against the

Government for failing to meet its obligations under the act." *Munsif v. Barr*, 797 Fed. App'x

658, 660 (2d Cir. Mar. 11, 2020) (summary order). Plaintiff therefore cannot state a claim under

the CVRA, and the Court dismisses this claim for failure to state a claim on which relief may be

granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

### B.    Criminal Prosecution

Plaintiff's claim seeking the prosecution of Defendants is dismissed because there is no

private right of action under any federal criminal statute to direct the prosecution of another

individual or entity. "[T]he decision to prosecute is solely within the discretion of [a]

prosecutor," *Leeke v. Timmerman*, 454 U.S. 83, 87 (1981), who possesses discretionary authority

to bring criminal actions. Accordingly, prosecutors are "immune from control or interference by

citizen or court." *Conn. Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 87 (2d Cir. 1972).

Thus, the Court dismisses Plaintiff's claims seeking the prosecution of Defendants for failure to state a claim on which relief may be granted. *See* 28 U.S.C § 1915(e)(2)(B)(ii).

**C.      Leave to Amend is Denied**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

## CONCLUSION

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court denies the following motions as moot and directs the Clerk of Court to terminate the motions: (1) motion to consolidate this action with Plaintiff's pending action, under docket number 24-CV-4794 (ECF 5); (2) motion to appoint counsel (ECF 8); (3) motion for permission to participate in electronic case filing (ECF 12); (4) motion to remand nonpayment proceeding to civil court (ECF 18); (5) demand for procedural declaratory judgment (ECF 21); and (6) motions seeking preliminary injunctive relief (ECF 22-23).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter judgment in this action.

SO ORDERED.

Dated:     November 14, 2024
           New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge